# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1892V

```
* * * * * * * * * * * * * * * * * * * * * * * *
STEFANIE HERBERT, as mother              *
and natural guardian of minor, E.H., and *
ANDREW HERBERT, as father and            *    Chief Special Master Corcoran
natural guardian of minor, E.H.,         *
                                         *
            Petitioners,                 *    Filed: February 15, 2023
                                         *
    v.                                   *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
            Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Tyler King*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 17, 2020, Stefanie and Andrew Herbert, on behalf of their minor son, E.H., filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners allege that E.H. suffered from immune thrombocytopenia purpura ("ITP") as a result of his May 22, 2019, receipt of the hepatitis A vaccine. Moreover, Petitioners allege that he experienced residual effects of this injury for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that the hepatitis A vaccine caused E.H. to suffer from ITP, or any other injury or condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on February 15, 2023) that the issues before them could be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards (as set forth in more detail therein):

- A lump sum of $1,694.16, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Petitioners, Stefanie Herbert and Andrew Herbert;

- A lump sum of $996.93, representing reimbursement of a lien for services rendered by the Texas Health and Human Services Commission to E.H., in the form of a check payable jointly to Petitioners and TMHP-Medicaid for $996.93; and

- An amount of $25,000.00 to purchase the annuity contract, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

Stipulation at ¶¶ 8, 10. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEFANIE HERBERT as mother and natural guardian of minor, E.H., and ANDREW HERBERT, as father and natural Guardian of minor, E.H.,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-1892V<br>Chief Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, E.H., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.H.'s receipt of the hepatitis A vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. E.H. received the hepatitis A vaccine on May 22, 2019.

3. The vaccine was administered within the United States.

4. Petitioners allege that E.H. suffered from immune thrombocytopenia purpura ("ITP") as a result of the hepatitis A vaccine and that he experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of E.H. as a result of his condition.

6. Respondent denies that that the vaccine caused E.H. to suffer from ITP or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

 a. A lump sum of $1,694.16, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Stefanie Herbert and Andrew Herbert;

 b. A lump sum of $996.93,[1] representing reimbursement of a lien for services rendered by the Texas Health and Human Services Commission to E.H., in the form of a check payable jointly to petitioners and TMHP-Medicaid for $996.93:

> TMHP TPL-Tort Department
> Attn: Tort Receivables
> PO Box 202948
> Austin, TX 78720-2948
> Client ID: 726088804
> TMHP Case Number: 999992535384135

 c. An amount of $25,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

 These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the Texas Health and Human Services Commission may have against any individual as a result of any Medicaid payments made to or on behalf of E.H. as a result of his alleged vaccine-related injury suffered on or about June 22, 2019, under Title XIX of the Social Security Act. See 42 U.S.C. § 300aa-15(g),(h).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of E.H., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to E.H. for all other damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

A certain lump sum of $40,722.58 payable on May 15, 2035.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $25,000.00. In the event that the cost of the annuity set forth above varies from $25,000.00, the certain lump sum payable on May 15, 2035, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $25,000.00. The certain lump sum payment provided herein shall be made to E.H. as set forth above. Should E.H. predecease payment of the certain lump sum payment set forth above, said payment shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of E.H.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided

pursuant to this Stipulation will be used solely for the benefit of E.H. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or if necessary will become, duly authorized to serve as guardians of E.H.'s estate under the laws of Texas.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of E.H., on behalf of themselves, E.H., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.H. resulting from, or alleged to have resulted from, the hepatitis A vaccination administered on May 22, 2019, as alleged in a petition for vaccine compensation filed on or about December 17, 2020, in the United States Court of Federal Claims as petition No. 20-1892V.

18. If E.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the hepatitis A vaccine caused E.H. to suffer ITP or any other injury or his current disability, or that E.H. suffered an injury contained in the Vaccine Injury Table.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

PETITIONER:

*signature*

STEFANIE HERBERT

PETITIONER:

*signature*

ANDREW HERBERT

**ATTORNEY OF RECORD FOR PETITIONERS:**

*signature*

JEFFREY S. POP, Esq.
Jeffrey S. Pop & Associates
9150 Wilshire Blvd.
Suite 241
Beverly Hills, CA 90212
Tel: (310) 273-5462
jpop@poplawyer.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P. Mcmillan -S3
Digitally signed by Henry P Mcmillan -S3
Date 2023.02.06 12:13:06 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*signature*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*signature*

TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated: 2/15/2023

7