# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1892V

| | |
|---|---|
| STEFANIE HERBERT, as mother and natural guardian of minor, E.H., and ANDREW HERBERT, as father and natural guardian of minor, E.H., | Chief Special Master Corcoran |
| Petitioners, | Filed: July 28, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.

*Tyler King*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING AWARD OF FINAL ATTORNEY'S FEES AND COSTS[1]

On December 17, 2020, Stefanie and Andrew Herbert, on behalf of their minor son, E.H., filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1). Petitioners allege that E.H. suffered from immune thrombocytopenia purpura ("ITP") as a result of his May 22, 2019, receipt of the hepatitis A vaccine. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioners compensation. *See* Decision, dated Feb. 15, 2023 (ECF No. 44).

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated July 19, 2023 (ECF No. 49) ("Final Fees Mot."). They request a total of $56,183.26, reflecting $41,260.70 in fees incurred for the services of several attorneys (Jeffrey Pop and Kristina

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Grigorian) and paralegals, plus $14,922.56 in costs. Final Fees Mot. at 4–5. Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$56,183.26**.

## ANALYSIS

### I. Attorney's Fees

Because Petitioners' claim was successful, the Act entitles them to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for the lawyers and paralegals who worked on this matter, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| **Jeffrey S. Pop, Esq.** | $453.00 | $470.00 | $470.00 | $520.00 | $520.00 |
| **Kristina E. Grigorian, Esq.** | $292.00 | $325.00 | $325.00 | $410.00 | $410.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Thomas G. Hahn, Senior Paralegal** | $156.00 | $163.00 | $163.00 | $177.00 | $177.00 |
| **Law Clerks** | $138.00 | $150.00 | $150.00 | $165.00 | $165.00 |

Final Fees Mot. at 2.

Mr. Pop and his associates/colleagues (who practice in Beverly Hills, California) are considered in forum, entitling them to commensurate rates established in *McCulloch*. *See Leal v. Sec'y of Health & Hum. Servs.*, No. 17-1008V, 2021 WL 3280505, at *2 (Fed. Cl. Spec. Mstr. July 6, 2021). The specific requested rates (as well as the law clerk work performed in this case) are also consistent with what has previously been awarded to them, based on their individual experience and in accordance with the Office of Special Master's fee schedule.[3] *McGrail v. Sec'y of Health & Hum. Servs.*, No. 17-926V, 2023 WL 2569884 (Fed. Cl. Spec. Mstr. Mar. 20, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## II.   Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $14,922.56 in litigation costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert, Joseph L. Lasky III, M.D. ECF No. 49-4. Dr. Lasky reviewed relevant medical records and authored one report in the matter. He submitted an invoice for a total of $10,500.00 (at an hourly rate of $500.00, plus a $1,500.00 retainer fee). *Id.* I find his rate was reasonable, and the time spent on the matter appropriate. In addition, medical record retrieval and mail costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the requested costs in this matter unreasonable. All of these litigation-specific costs shall be awarded in full without reduction.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 28, 2023).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, awarding **$56,183.26** reflecting $41,260.70 in attorney's fees and $14,922.56 in costs in the form of a check made jointly payable to Petitioners and their attorney Jeffrey S. Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.